UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JULIO NEHOMAR ROSA,

    Plaintiff,

v.                                      Case No. 5:23-cv-322-MCR/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Julio Nehomar Rosa, FDC # Y32426, has filed a verified complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff did not pay the filing fee and did not move for leave to proceed *in forma pauperis*. The District Court should dismiss this action for two independent reasons: (1) Rosa is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* and failed to pay the filing fee upon commencing this action; and (2) this action is malicious insofar as Rosa abused the judicial process by failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

On December 17, 2023, Rosa, an inmate of the Florida Department of Corrections ("FDC"), commenced this civil action against three

Page 1 of 7

defendants: (1) the Florida Department of Corrections; (2) the Management Training Corporation; and (3) the Graceville Correctional Facility. *Id.* at 1–3, 13. According to Rosa, on November 2, 2023, the FDC transferred him to the Graceville Correctional Facility. *Id.* at 5. When Rosa was reviewing the inmate handbook, he noticed that some pages of the handbook were missing. *Id.* at 5–6. He claims that this is "hazardous" to inmates and violates the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments. *Id.* at 6–7. Plaintiff does not allege the nature of the information that would have been included on the omitted pages.

## II.  Discussion

**A.  <u>The PLRA's "Three-Strikes Rule"</u>**

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions—including appeals—that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. \_\_, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See*

*Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). But there is a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Although the complaint form directed Rosa to disclose his prior litigation history, Rosa stated—under the penalty of perjury—that he had **never** filed any federal lawsuit or appeal and had **never** incurred a strike under 28 U.S.C. § 1915(g). *Id.* 8–12. Not so. Rosa has incurred *at least* three strikes:

- *Rosa v. Kinney*, No. 20-14401 (11th Cir. Aug. 19, 2021) (dismissing Rosa's appeal because it was frivolous);

- *Rosa v. Steele*, No. 2:23-cv-451-SPC-NPM, (M.D. Fla. Sept. 21, 2023) (dismissing Rosa's complaint as malicious, frivolous, and for failure to state a claim); and

- *Rosa v. Steele*, No. 2:23-cv-213-JLB-KCD, (M.D. Fla. Nov. 13, 2023) (dismissing Rosa's complaint as frivolous and for failure to state a claim).

These cases are attributable to Rosa insofar as they bear his inmate number "Y32426."

Because he has incurred *at least* three strikes, Rosa may not litigate this case *in forma pauperis* unless he shows that he is "under imminent

Page 3 of 7

danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Rosa's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Rosa's allegations that he did not receive a complete copy of the inmate handbook, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. Indeed, his claims are patently frivolous. Because Rosa has incurred at least three strikes but did not pay the filing fee and has not alleged that he is "under imminent danger of serious physical injury," the District Court should dismiss this action for this reason alone.

B.   **Plaintiff's Failure to Disclose his Litigation History**

There is a second, independent reason for the District Court to dismiss this action: Rosa failed to disclose completely and honestly his litigation history.

As discussed above, Rosa utilized a complaint form that required him to disclose his prior litigation history. Doc. 1 at 8–11. This form warned Rosa that the "***[f]ailure to disclose all prior cases may result in the dismissal of this case.***" *Id.* at 11. Nevertheless, Rosa falsely responded to the questions on the complaint form. Rosa stated that he had ***never*** filed any prior federal lawsuit or appeal. *Id.* at 9–11. He also falsely responded that he had ***never*** incurred a strike under section 1915(g). *Id.* at 9. Rosa's responses were made under the penalty of perjury. *Id.* at 11–12 ("I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct.").

"An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). Furthermore, a court is required to dismiss a prisoner's complaint if the complaint is malicious. 28 U.S.C. § 1915A(b)(1); *see generally Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the

questions on the civil rights complaint form is conduct subject to sanctions by the court.").

Because Plaintiff mispresented his prior litigation history and made these misrepresentations while under the penalty of perjury, this action is malicious. *Burrell*, 857 F. App'x at 625. Accordingly, the District Court, pursuant to 28 U.S.C. § 1915A(b)(1), should dismiss this civil action. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice to Rosa initiating a new case accompanied by payment of the $405.00 fee in its entirety.

2. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 22nd day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C.**

**§ 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**